UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
                         :

IN RE MONSTER WORLDWIDE, INC.,  :     07 Civ. 2237 (JSR)
SECURITIES LITIGATION             :

                         :

                         :
-----------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF THE GOVERNMENT'S MOTION TO INTERVENE AND STAY CERTAIN DEPOSITIONS


MICHAEL J. GARCIA
United States Attorney
Southern District of New York
Attorney for the United States
of America

Joshua A. Goldberg
Deirdre A. McEvoy
Assistant United States Attorneys
-Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
                                     :

IN RE MONSTER WORLDWIDE, INC.,   :      07 Civ. 2237 (JSR)
SECURITIES LITIGATION          :

                                       :
-----------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF THE GOVERNMENT'S**
**<u>MOTION TO INTERVENE AND STAY CERTAIN DEPOSITIONS</u>**

MICHAEL J. GARCIA
United States Attorney
Southern District of New York
Attorney for the United States
of America

Joshua A. Goldberg
Deirdre A. McEvoy
Assistant United States Attorneys
    -Of Counsel-

**<u>TABLE OF CONTENTS</u>**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.    Overview. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      B.    The Criminal Investigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      C.    The Current Civil Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT

      POINT I
            INTERVENTION IS APPROPRIATE UNDER FEDERAL RULE OF CIVIL
            PROCEDURE 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      POINT II
            THE PROPOSED STAY OF CERTAIN LIMITED DISCOVERY IS
            APPROPRIATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Brock v. Tolkow*, 109 F.R.D. 116 (E.D.N.Y. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Bureerong v. Uvawas*, 167 F.R.D. 83 (C.D.Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Driver v. Helms*, 402 F. Supp. 683 (D.R.I. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Governors of the Fed'l Reserve System v. Pharaon*, 140 F.R.D. 634 (S.D.N.Y. 1991) . . . . . . . 8

*In re Ahead By A Length, Inc.*, 78 B.R. 708 (S.D.N.Y. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*In re Ivan F. Boesky Securities Litig.*, 128 F.R.D. 47 (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . 7

*Kaiser v. Stewart*, 1997 WL 66186 (E.D. Pa. Feb. 6, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*SEC v. Beacon Hill Asset Management LLC*, 2003 WL 554618 (S.D.N.Y. Feb. 27, 2003) . . . . . 8

*SEC v. Chestman*, 861 F.2d 49 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*SEC v. Downe*, 1993 WL 22126 (S.D.N.Y. Jan. 26, 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*SEC v. Dresser Industries, Inc.*, 628 F.2d 1368 (D.C. Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Thornhill v. Otto Candies, Inc.*, 1994 WL 382655 (E.D. La. July 19, 1994) . . . . . . . . . . . . . . . 6

*Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007 (E.D.N.Y. 1992) . . . . . . . . . . . 6, 10

*United States v. Reaves*, 636 F. Supp. 1575 (E.D. Ky. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Hugo Key & Son, Inc.*, 672 F. Supp. 656 (D.R.I. 1987) . . . . . . . . . . . . . . . . . . 7

*United States v. Mellon Bank*, 545 F.2d 869 (3d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

*United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352 (S.D.N.Y. 1996) . . . . . . . . 7

*United States v. Taylor*, 802 F.2d 1108 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x
                                     :

IN RE MONSTER WORLDWIDE, INC.,  :     07 Civ. 2237 (JSR)
SECURITIES LITIGATION         :

                                       :
----------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF THE GOVERNMENT'S MOTION TO INTERVENE AND STAY CERTAIN DEPOSITIONS

### PRELIMINARY STATEMENT

The United States of America, by and through the United States Attorney for the

Southern District of New York ("the Government"), respectfully submits this memorandum of

law in support of its application (i) to intervene in this case, pursuant to Rule 24(a) and (b) of the

Federal Rules of Civil Procedure, and (ii) for a 30-day stay of certain depositions with leave to

seek an additional stay as appropriate within those 30 days.  All parties to this action have

consented to the Government's motion to intervene.  All defendants have consented to the

Government's motion for a stay.  Plaintiffs' counsel has advised the Government that he intends

to oppose the Government motion for a stay.

### BACKGROUND

**A.**    **Overview**

This civil action relates to allegations that the defendants and others engaged in a

long-running scheme to improperly backdate and account for numerous stock option grants at

Monster Worldwide, Inc. ("Monster").  These same allegations form the basis of an ongoing,

publicly-reported criminal investigation by the Government.  That investigation has led to the

filing of a criminal Information against Myron Olesnyckyj, Monster's former general counsel, and the filing of a criminal Complaint against Andrew J. McKelvey, Monster's former Chief Executive Officer.  Olesnyckyj and McKelvey are defendants in the current civil action, and each of them has publicly admitted to participating in the backdating scheme in connection with the criminal investigation.  The underlying facts in the civil action and the criminal investigation are substantially overlapping, inextricably intertwined, and meaningfully related.

    **B.**    **The Criminal Investigation**

On March 27, 2007, Olesnyckyj pled guilty before Judge Laura Taylor Swain pursuant to a cooperation agreement with the Government to a two-count Information charging him with conspiracy and securities fraud in connection with his role in backdating stock option grants while serving as Monster's general counsel. *See United States v. Olesnyckyj*, 07 Cr. 120 (LTS).

On January 23, 2008, the Government filed a two-count Complaint against Andrew McKelvey, charging him with conspiracy and securities fraud in connection with his role in Monster's backdating scheme. *See United States v. McKelvey*, 08 Mag. 237.  That same day, due to McKelvey's terminal medical condition, the Government agreed to, and Magistrate Judge Gabriel W. Gorenstein approved, a deferral of prosecution.  As part of that agreement, McKelvey accepted responsibility for his participation in the backdating scheme.

As reflected in the Olesnyckyj Information and the McKelvey Complaint, between approximately 1996 and 2003, McKelvey, Olesnyckyj and others conspired to systematically backdate stock option grants to Monster employees in an effort to fraudulently suppress Monster's compensation expenses, and falsely inflate its earnings.  As a result, Monster's public

filings with the Securities and Exchange Commission ("SEC") between 1997 and 2005 fraudulently understated the company's compensation expenses, and inflated its earnings, by over three hundred million dollars.

The Monster co-conspirators backdated the vast majority of Monster's employee stock option grants from 1997 to April 2003, including Monster's broad-based annual options grants to its employees in 1998, 1999 and 2001, and a number of "one-off" grants -- grants to new employees, or to current employees for purposes of retention -- during the same period. None of the backdated grants resulted in the company taking a compensation expense, even though every one of them had an immediate compensatory component.

As a result, Monster's Form 10-K annual public filings with the SEC from 1997 to 2005, falsely understated the company's compensation expense, and also falsely stated that the company followed applicable accounting principles regarding options grants. For example, Monster's Form 10-K for 2001 reported that Monster's net income was $69,020,000, but this was, in fact, an overstatement of more than 1,900 percent. After Monster recorded the appropriate compensation expense for the backdated option grants, the company's net income for this period dropped to $3,439,000. In all, the backdating scheme resulted in an understatement of compensation expense in the amount of approximately $339 million, pre-tax, during the period 1997 through 2005.

C.    **The Current Civil Action**

This action was commenced on March 15, 2007, with the filing of a civil complaint against Monster, McKelvey, Olesnyckyj, and Charles Lanny Baker. An amended class action complaint was filed on July 9, 2007, against Monster, McKelvey, and Olesnyckyj. Based

3

on the publicly filed documents, the Government understands this civil class action to involve substantially similar matters as the pending criminal investigation, namely allegations that the defendants engaged in a long-running scheme to improperly backdate and account for numerous stock option grants.

The Government has been advised that the parties to the civil action are engaged in ongoing discovery and that, to that end, plaintiffs' counsel has noticed several depositions. Of the eleven depositions that the Government has been advised of, six are of particular concern to the Government. These include depositions of Erin Barriere, Andrew Burchill, Margaretta Noonan, Myron Olesnyckyj, Michael Piotrowski, and Steve Pogorzelski. The Government does not currently have an objection to any of the other scheduled depositions.

During the relevant time period, Olesnyckyj was Monster's general counsel and played a central role in the scheme to backdate options, as he acknowledged in pleading guilty to federal crimes. Olesnyckyj is a cooperating witness who will likely testify in any future criminal proceedings. Barriere was a manager of Human Resources at Monster and reported to the Director of Human Resources. She was aware of Monster's practice of backdating stock options, prepared paperwork related to options grants, and came forward when news of the backdating scandal first surfaced. Burchill served as Monster's Assistant General Counsel, reported to Olesnyckyj, and was aware of practices related to the backdating of options. He also came forward after the initial reports of the backdating scheme. Noonan was Monster's Director of Human Resources and Piotrowski was Monster's Stock Option Administrator. During the relevant time period, they administered the stock option program and regularly communicated with individuals involved in the backdating scheme. Finally, Pogorzelski was a senior executive

4

at Monster who served as President of Monster (North America) and as Group President,

International during the relevant period. He has relevant information about the backdating

scheme. The Government expects that each of these individuals will be a witness in any future

criminal prosecutions arising from the backdating scheme. Accordingly, the Government has

grave concerns about permitting the litigants to depose these witnesses in the civil action.

## ARGUMENT

### POINT I

### INTERVENTION IS APPROPRIATE
### UNDER FEDERAL RULE OF CIVIL PROCEDURE 24

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may

intervene as of right in an action when the applicant "claims an interest relating to the property or

transaction which is the subject of the action" and the applicant is so situated that "disposition of

the action may as a practical matter impair or impede the applicant's ability to protect that

interest." Alternatively, intervention may be permitted by the Court under Rule 24(b)(2) of the

Federal Rules of Civil Procedure "when the applicant's claim or defense and the main action

have a question of law or fact in common." The Government submits that intervention is

appropriate in this action under both of these provisions.

The Government has a direct and substantial interest in the subject matter of this

litigation, which substantially parallels the facts that the Government is investigating.

Specifically, the Government has a "discernible interest in intervening in order to prevent

discovery in a civil case from being used to circumvent the more limited scope of discovery in

the criminal matter." *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

5

The Government's interest in upholding the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in this civil litigation. The private parties cannot represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes. *See Bureerong v. Uvawas*, 167 F.R.D. 83, 86 (C.D.Cal. 1996) ("the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . . Clearly neither the plaintiff nor the defendants have this identical interest.").

As a general rule, courts "have allowed the government to intervene in civil actions -- especially when the government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007 (E.D.N.Y. 1992). *See SEC v. Downe*, 1993 WL 22126 at 10 (S.D.N.Y. Jan. 26, 1993); *Kaiser v. Stewart*, 1997 WL 66186 (E.D. Pa. Feb. 6, 1997) (granting intervention); *Thornhill v. Otto Candies, Inc.*, 1994 WL 382655 (E.D. La. July 19, 1994) (granting intervention under Rule 24); see also *United States v. Mellon Bank*, 545 F.2d 869 (3d Cir. 1976) ("It is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is . . . already underway that involves common questions of law or fact.").

Because civil discovery may, as a practical matter, impair or impede the Government's ability to protect its interests in the enforcement of federal criminal law, the Government respectfully submits that its application to intervene should be granted.

As noted, all parties to this action consent to the Government's motion to intervene.

6

**POINT II**

**THE PROPOSED STAY OF CERTAIN LIMITED DISCOVERY IS APPROPRIATE**

The interests of justice generally weigh in favor of a stay of parallel civil proceedings, due to the variety of ways in which the civil proceeding may impede a criminal proceeding. *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980); *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter").

The reasons for the policy against civil discovery while criminal proceedings are ongoing stem directly from the differences between civil and criminal proceedings. As the Fifth Circuit explained in *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962):

> The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Id.* at 487. Indeed, the courts have repeatedly recognized the priority that should be given to the "public interest in law enforcement." *United States v. Hugo Key & Son, Inc.*, 672 F. Supp. 656, 685 (D.R.I. 1987); *see also Driver v. Helms*, 402 F. Supp. 683, 685 (D.R.I. 1975); *In re Ivan F. Boesky Securities Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public interest in the criminal case is entitled to precedence over the civil litigant").

7

Furthermore, courts have recognized that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise pertain in criminal discovery to a criminal defendant. *SEC v. Beacon Hill Asset Management LLC*, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of discovery due to pending criminal investigation, "the principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases") (Kaplan, J.); *see, e.g., SEC v. Downe*, 1993 WL 22126 at *12-13; *Governors of the Fed'l Reserve System v. Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery") (citations omitted).

Rule 16 of the Federal Rules of Criminal Procedure expressly states that it does not "authorize the discovery . . . of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). Title 18, United States Code, Section 3500 provides that in criminal cases, the statements of Government witnesses shall not be "the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

The public policy against premature disclosure of the Government's criminal case is so strong that courts are without power to order early production of witness statements. *See United States v. Taylor*, 802 F.2d 1108, 1117-18 (9th Cir. 1986). Moreover, except under "exceptional circumstances" and pursuant to court order, the criminal rules do not provide either for depositions as a means of discovery or for any discovery of third parties. *See In re Ahead By A Length, Inc.*, 78 B.R. 708, 711 (S.D.N.Y. 1987); Fed. R. Crim. P. 15 & 16.

8

Traditionally, the narrow scope of federal criminal discovery, unlike the broad scope of civil discovery, has been justified by three considerations of particular concern in a criminal proceeding:  (1) the fear that broad disclosure of the essentials of the prosecution's case will result in perjury and manufactured evidence; (2) the fear that revelation of the identity of prospective Government witnesses will create the opportunity for intimidation of those witnesses, thereby discouraging the giving of information to the Government; and (3) the fear that criminal defendants will unfairly surprise the prosecution at trial with information gained through discovery, while the self-incrimination privilege would effectively block any attempts by the Government to discover relevant evidence from the defendants.  *Campbell v. Eastland*, 307 F.2d at 487 n.12.

In recognition of these distinctions and interests, courts have stayed civil discovery and adjourned civil trials where a criminal proceeding is pending, both in order to prevent the civil discovery rules from being subverted into a device for improperly obtaining discovery in the criminal proceedings and to assure that the Government's ability to prosecute the criminal case is not undermined.  This is particularly so where, as here, the pending criminal investigation involves many of the same issues, evidence, and witnesses as the civil proceeding.

Further, considerations of judicial economy and the public interest in efficient use of judicial resources also militate in favor of granting a stay.  Issues common to both cases can be resolved in the criminal proceeding, thereby simplifying the civil action.  This, in turn, may pare down the number of issues to be determined in the civil case.  *See United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976) ("resolution of the criminal case may moot, clarify, or otherwise affect various contentions in the civil case"); *Twenty First Century Corp. v. LaBianca*,

801 F. Supp. 1007 (recognizing judicial economy as a factor to be considered); *Brock v. Tolkow*,

109 F.R.D. 116, 120 (E.D.N.Y. 1985) (noting that resolution of criminal case "might reduce

scope of discovery in the civil case and otherwise simplify the issues").

> There is an unnamed party in every lawsuit -- the public.  Public
> resources are squandered if judicial proceedings are allowed to
> proliferate beyond reasonable bounds.  The public's right to a 'just,
> speedy, inexpensive determination of every action'. . . is infringed,
> if a court allows a case . . . to preempt more than its reasonable
> share of the Court's time.

*United States v. Reaves*, 636 F. Supp. 1575, 1578 (E.D. Ky. 1986) (citations omitted).

Here, the Government seeks a limited stay of discovery to avoid the potential

irreparable harm that it would suffer if all depositions were to proceed in this matter.  The

Government has not – and does not intend to – seek a stay of all discovery.  Nor does the

Government seek to stay all depositions. Rather, the Government seeks merely to stay the

depositions of certain specific individuals who are likely to be witnesses in future criminal

prosecutions.  This includes Olesnyckyj, a cooperating witness who has pled guilty to federal

crimes arising from his role in the backdating scheme, various high-ranking former Monster

employees, and individuals who were intricately involved in the options granting process.

Allowing these depositions to go forward would permit potential criminal defendants to obtain

civil discovery prior to the conclusion of the criminal proceeding and to obtain additional witness

statements.  This would result in the transcription and disclosure of additional statements by

potential witnesses in any future criminal cases, which statements could be used against these

witnesses if they were testify.  Furthermore, premature disclosure of witnesses' testimony may

provide future potential defendants with the means to perjure themselves or manufacture

evidence or tailor defenses to fit the Government's proof.  The Government also is concerned that if these witnesses are deposed, they may be shown documents or otherwise receive information that could taint their testimony down the road.  The public interest in enforcement of the criminal laws outweighs the civil parties' interest in proceeding with the at-issue depositions.

Finally, in seeking this stay, the Government is mindful that the Court will frown upon an open-ended stay with no defined limit. To that end, at this time, the Government is seeking only a 30-day stay of these particular depositions, a relatively modest period during which other depositions and discovery can be completed.  The Government further asks for leave to seek an additional stay within that 30 day period, at which time the Government can advise the Court and the parties of the status of its investigation, as appropriate, and attempt to provide the Court with more guidance as to the timing of any additional criminal prosecutions.  It is the Government's intention to provide the Court with a more definitive timeline at that point.[1]

---

[1] For obvious reasons, the Government cannot disclose further details concerning the status of its investigation.  If, however, the Court requires additional information, the Government is prepared to provide the Court with an *ex parte* submission.

11

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court grant its application to intervene and to stay discovery pending completion of the criminal case.

Dated:        April 22, 2008
              New York, New York

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney

                        By:   _____
                              Joshua A. Goldberg
                              Deirdre A. McEvoy
                              Assistant United States Attorneys
                              (212) 637-2439/2309

cc:    Jonathan Gardner, Esq.
       David S. Hoffner, Esq.
       Brian H. Brick, Esq.
       Brian A. Herman, Esq.
       Stephen F. Reich, Esq.
       Andrew C. DeVore, Esq.