**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE MONSTER WORLDWIDE, INC.
SECURITIES LITIGATION

07-cv-02237 (JSR)

**[PROPOSED] PRELIMINARY APPROVAL ORDER PROVIDING FOR**
**NOTICE AND HEARING IN CONNECTION**
**WITH PROPOSED CLASS ACTION SETTLEMENT**

WHEREAS, on September 24, 2008, the parties to the above-entitled action (the

"Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which is

subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with

the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims

alleged in the Amended Class Action Complaint for Violation of the Federal Securities Laws

("Amended Complaint") on the merits and with prejudice (the "Settlement"); and the Court

having read and considered the Stipulation and the accompanying exhibits; and the parties to the

Stipulation having consented to the entry of this Order; and all capitalized terms used herein

having the meanings defined in the Stipulation;

WHEREAS, on July 15, 2008, the Court certified the Action as a class action and

appointed the Middlesex County Retirement System as Class Representative and the law firm of

Labaton Sucharow LLP as Class Counsel, pursuant to Rules 23(a) and (b)(3) of the Federal

Rules of Civil Procedure;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 3rd day of October

2008 that:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-8-08

The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable, and adequate, subject to further consideration at the settlement hearing described below.

A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on November 21, 2008, at 5:00 p.m. for the following purposes:

to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Amended Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is reasonable and should be approved by the Court;

to consider Class Counsel's application for an award of attorneys' fees and expenses;

to consider the Class Representative's application for its reasonable costs and expenses (including lost wages) relating to its representation of the Class; and

to rule upon such other matters as the Court may deem appropriate.

The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Amended Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or

2

*[handwritten: continuing to monitor the performance of the Claims Administrator and subject to further review by the Court.]*

awarded attorneys' fees and expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Class.

The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement (the "Notice") and the Proof of Claim form ("Proof of Claim"), annexed hereto as Exhibits 1 and 2 respectively.

The Court approves the appointment of Berdon Claims Administration LLC as the Claims Administrator. *[handwritten: subject to counsel for both sides]* The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before October 7, 2008 ("Notice Date"), to all Class Members who can be identified with reasonable effort. Defendant Monster Worldwide, Inc. ("Monster"), to the extent it has not already done so, shall cause its transfer records and shareholder information to be made available to the Claims Administrator for the purpose of identifying and giving notice to the Class. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Monster securities during the period from May 6, 2005 through June 9, 2006, inclusive, (the "Class Period") as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either send copies of the Notice and Proof of Claim to their beneficial owners by first class mail, or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners by first class mail. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made

3

available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners. Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

The Court approves the form of the Summary Notice of Pendency of Class Action and Hearing on Proposed Settlement ("Publication Notice") substantially in the form annexed hereto as Exhibit 3 and directs that Class Counsel shall cause the Publication Notice to be published in *Investor's Business Daily* and transmitted over *Business Wire* within ten (10) calendar days of the Notice Date. Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Published Notice.

The form and content of the notice program described herein, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

In order to be entitled to receive a distribution from the net monetary recovery pursuant to the Settlement (the "Net Settlement Fund"), in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

4

A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked not later than ninety (90) calendar days after the Notice Date. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

5

As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

Class Members shall be bound by all orders, determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A potential Class Member wishing to make such an exclusion request shall mail the request in written form by first class mail postmarked no later than November 7, 2008, fourteen (14) calendar days prior to the date set herein for the Settlement Hearing, to the address designated in the Notice for such exclusions. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in *In re Monster Worldwide, Inc. Securities Litigation*, No. 07-cv-02237, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Monster securities during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

The Court will consider objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such objections and any supporting papers are filed in writing with:

> Clerk of the Court
> United States District Court for the Southern District of New York
> United States Courthouse

500 Pearl Street
New York, NY 10007

and copies of all such papers are delivered or sent by first class mail, on or before November 7,

2008, fourteen (14) calendar days prior to the date set herein for the Settlement Hearing, upon

each of the following:

**On behalf of the Class Representative and the Class:**

**Labaton Sucharow LLP**
Nicole M. Zeiss
140 Broadway
New York, New York 10005

**On behalf of the Defendants:**

**Dechert LLP**
David Hoffner
1095 Avenue of the Americas
New York, NY 10036

**Manatt, Phelps & Phillips, LLP**
Steven F. Reich
7 Times Square
New York, NY 10036

**DeVore & DeMarco LLP**
Andrew C. DeVore
99 Park Avenue 16th Floor
New York, NY 10016

**Morgan, Lewis & Bockius LLP**
Brian A. Herman
101 Park Avenue
New York, NY 10178

Attendance at the hearing is not necessary; however, persons wishing to be heard orally in

opposition to the approval of the Settlement, the Plan of Allocation, and/or the requests for

attorneys' fees and other expenses are required to indicate in their written objection their

intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of

Allocation, and/or the applications for an award of attorneys' fees and other expenses and desire

to present evidence at the Settlement Hearing must include in their written objections the identity

of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the

Settlement Hearing.  Class Members do not need to appear at the hearing or take any other action

to indicate their approval.

Any Class Member who does not make his, her or its objection in the manner provided

shall be deemed to have waived such objection and shall forever be foreclosed from making any

objection to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation,

and/or the applications for an award of attorneys' fees and other expenses, unless otherwise

ordered by the Court, but shall otherwise be bound by the judgment to be entered and the

releases to be given.

Pending final determination of whether the Settlement should be approved, the Class

Representative, all Class Members, and each of them, and anyone who acts or purports to act on

their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims

against the Released Defendant Parties.

As provided in the Stipulation, Class Counsel may pay the Claims Administrator the

reasonable fees and costs associated with giving notice to the Class and the review of claims and

administration of the Settlement out of the Settlement Fund, including paying taxes, without

further order of the Court; provided, however, that such amounts shall not exceed $~~500,000.00~~ $250,000.

unless and until the Court has entered an Order and Final Judgment following the Settlement

Hearing.

All papers in support of the Settlement, Plan of Allocation, Class Counsel's application

for an award of attorneys' fees and expenses and the Class Representative's application for its

reasonable costs and expenses (including lost wages) relating to its representation of the Class

shall be filed with the Court and served by overnight mail or hand delivery no later than November 14, 2008, seven (7) calendar days prior to the date set herein for the Settlement Hearing.

No person who is not a Class Member, Class Representative or Class Counsel shall have any right to any portion of, or to any distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

If: (a) the Settlement is terminated by Monster or McKelvey pursuant to paragraph 31 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the Class Representative, Class Counsel or Defendants elect to terminate the Settlement as provided in paragraphs 30 and 32 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective litigation position as it existed prior to the execution of the Memorandum of Understanding by the parties on July 30, 2008.

The Court retains exclusive jurisdiction over the Action to consider all further matters

arising out of or connected with the Settlement.

Dated:          10 / 3, 2008

Honorable Jed S. Rakoff
UNITED STATES DISTRICT JUDGE

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MONSTER WORLDWIDE, INC. SECURITIES LITIGATION | 07-cv-02237 (JSR)<br><br>EXHIBIT A-1 |

### NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

**TO:    ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED THE SECURITIES OF MONSTER WORLDWIDE, INC. DURING THE PERIOD FROM MAY 6, 2005 THROUGH JUNE 9, 2006, INCLUSIVE (THE "CLASS PERIOD") AND WHO WERE ALLEGEDLY DAMAGED THEREBY.**

**YOU MAY BE ENTITLED TO A PAYMENT FROM THIS PROPOSED SETTLEMENT.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- If approved by the Court, the proposed Settlement will create a $47.5 million settlement fund for the benefit of eligible investors who purchased or otherwise acquired the common stock and options of Monster Worldwide, Inc. ("Monster" or "the Company") during the Class Period. *See* the Plan of Allocation beginning on page [_____] for more information about the securities that are part of the Settlement.

- The Settlement would resolve a class action lawsuit alleging that Monster and some of its former officers misled investors about Monster's financial condition and stock option granting practices (the "Action").   The Class is represented in the Action by the Middlesex County Retirement System (the "Class Representative" or "Plaintiff").

- The Court will review the Settlement at the Settlement Hearing to be held on November 21, 2008.

- **Your legal rights are affected whether you act or do not act.   Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY JANUARY 5, 2009** | The only way to get a payment. |
| **EXCLUDE YOURSELF BY NOVEMBER 7, 2008** | Get no payment. This is the only option that allows you to ever bring or be part of any *other* lawsuit against the Defendants and the other "Released Defendant Parties" about the "Settled Claims." |

Questions?  Call Toll-Free  (800) 766-3330

| OBJECT BY NOVEMBER 7, 2008 | Write to the Court about why you do not like the Settlement. You will still be a member of the Class. |
|---|---|
| GO TO A HEARING ON NOVEMBER 21, 2008 | Ask to speak in Court about the Settlement at the Settlement Hearing. |
| DO NOTHING | Get no payment.  Give up rights. |

## SUMMARY OF THIS NOTICE

**Statement of Plaintiff Recovery**

This proposed Settlement will create a Settlement Fund of $47.5 million in cash, plus interest as it accrues.  Based on the Plaintiff's estimate of the number of shares of common stock that may have been damaged by the alleged fraud, and assuming that all those shares participate in the Settlement, Plaintiff estimates that the average recovery would be approximately $1.00 per share.[1]  This estimate is before deduction of any court-awarded expenses, such as attorneys' fees and out-of-pocket expenses, the expenses of the Plaintiff and the cost of sending this Notice and administering the distribution of the Settlement.  The amount an eligible Class Member will actually recover will depend on numerous factors.  These factors are fully explained in the Plan of Allocation beginning on page [____].  Please refer to the Plan of Allocation for more information on your potential "Recognized Loss."

**Statement of Potential Outcome if the Case Continued to Be Litigated**

The parties disagree about whether each of the Defendants are liable on the claims asserted against them and whether each of the Defendants caused any damages.  The issues on which the parties disagree include, for example:  (1) whether Defendants made any material misstatements or omissions; (2) whether Defendants acted with the required state of mind; (3) the amount by which the prices of Monster securities were artificially inflated (if at all) during the Class Period as a result of the alleged fraud; (4) the extent that Monster's compensation expenses and stock option granting practices influenced (if at all) the trading price of Monster's securities during the Class Period; (5) whether any purchasers of Monster securities suffered damages as a result of the alleged misstatements and omissions in the Company's public statements; and (6) the amount of such damages, assuming they exist.

The Defendants, other than Myron Olesnyckyj, deny that they are liable to the Class and deny that the Class has suffered any damages attributable to Defendants' actions.  Because of potential criminal prosecution, Defendant Myron Olesnyckyj has asserted his Fifth Amendment right under the Constitution of the United States in this Action and neither admits nor denies that he is liable to the Class and neither admits nor denies that the Class has suffered any losses attributable to Defendants' actions.  While the Class Representative believes it and the Class have meritorious claims, it recognizes that there are significant obstacles to be overcome before there could be any recovery.

---

[1]    An allegedly damaged share might have been traded more than once during the Class Period, and this average recovery would be the total for all purchasers of that share.

**Statement of Attorneys' Fees and Costs Sought**

The Class Representative and Class are represented by the law firm of Labaton Sucharow LLP ("Class Counsel"). Class Counsel has not received any payment for their services in litigating the Action, nor have they been reimbursed for their out-of-pocket expenses. Class Counsel intends to make a motion asking the Court to award them attorneys' fees in the amount of 25% of the Settlement Fund (including any accrued interest), and reimbursement from the Settlement Fund of expenses incurred during the litigation, in an amount not to exceed $620,000, plus interest. The Class Representative may also request that the Court award it up to $25,000 for its reasonable costs and expenses (including lost wages) relating to its representation of the Class. If the Court approves the fee and expense motions, the average amount of fees and expenses per damaged share of common stock will be approximately $0.26. This amount will vary depending on the number of acceptable claims submitted.

**Further Information**

Further information regarding the Settlement and this Notice may be obtained by contacting the Claims Administrator: *Monster Worldwide, Inc. Securities Litigation*, c/o Berdon Claims Administration LLC, P.O. Box 9014, Jericho, NY 11753-8914, (800) 766-3330, (516) 931-0810 (fax), www.berdonclaims.com; or Class Counsel: Labaton Sucharow LLP, 140 Broadway, NY, NY 10005, (212) 907-0714, www.labaton.com. **Please Do Not Call The Court or Monster With Questions About The Settlement**

**Reasons for the Settlement**

For the Class Representative, the principal reason for the Settlement is the immediate benefit of a substantial cash recovery for the Class. This benefit must be compared to the risk that no recovery or a smaller recovery might be achieved after summary judgment motions by Defendants, a contested trial and likely appeals, possibly years into the future. For Defendants, who deny (or neither admit nor deny in the case of Mr. Olesnyckyj) all allegations of wrongdoing[2], the principal reason for the Settlement is to eliminate the expense, risks, and uncertain outcome of the litigation.

**[END OF COVER PAGE]**

---

[2]    Defendant Andrew J. McKelvey adopts this factual assertion, and similar factual assertions throughout this Notice, only to the extent consistent with a Deferred Prosecution Agreement between him and the United States Attorney's Office for the Southern District of New York dated January 23, 2008.

| WHAT THIS NOTICE CONTAINS | PAGE |
|---|---|

BASIC INFORMATION ............................................................................................. x

    1.    Why did I get this notice package? ............................................. x

    2.    What is this lawsuit about and what has happened so far? ........................ x

    3.    Why is this a class action? .......................................................... x

    4.    Why is there a settlement? .......................................................... x

WHO IS IN THE SETTLEMENT .............................................................................. x

    5.    How do I know if I am part of the Settlement? .......................................... x

    6.    Are there exceptions to being included in the Class? ................................ x

    7.    What if I am still not sure if I am included? .............................................. x

THE SETTLEMENT BENEFITS—WHAT YOU GET ............................................... x

    8.    What does the Settlement provide? ............................................................ x

    9.    How much will my payment be? ................................................................ x

HOW YOU GET A PAYMENT—SUBMITTING A PROOF OF CLAIM FORM ..................... x

    10.    How can I get a payment? .......................................................................... x

    11.    When would I get my payment? ................................................................ x

    12.    What am I giving up by staying in the Class and getting a
payment? ................................................................................................... x

EXCLUDING YOURSELF FROM THE SETTLEMENT ............................................. x

    13.    How do I "opt-out" (exclude myself) from the proposed
settlement? ................................................................................................ x

    14.    If I do not exclude myself, can I sue the Defendants and the other
Released Defendant Parties for the same thing later? ................................ x

    15.    If I exclude myself, can I get money from the proposed settlement? ........ x

THE LAWYERS REPRESENTING YOU .................................................................. x

    16.    Do I have a lawyer in this case? ................................................................ x

17.    How will the lawyers be paid? ................................................... x

OBJECTING TO THE SETTLEMENT ........................................................... x

18.    How do I tell the Court that I do not like the proposed settlement? .......... x

19.    What is the difference between objecting and excluding? ........................ x

THE COURT'S SETTLEMENT FAIRNESS HEARING ............................................. x

20.    When and where will the Court decide whether to approve the
       proposed settlement? .................................................................. x

21.    Do I have to come to the hearing? ............................................. x

22.    May I speak at the hearing and submit additional evidence? ................... x

IF YOU DO NOTHING ............................................................................ x

23.    What happens if I do nothing at all? .......................................... x

GETTING MORE INFORMATION ............................................................... x

24.    Are there more details about the proposed settlement? ........................ x

PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS
MEMBERS ......................................................................................... x

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES ........................ x

## BASIC INFORMATION

| 1. | Why did I get this notice package? |
| --- | --- |

You or someone in your family may have purchased or acquired Monster Worldwide, Inc. securities between May 6, 2005 and June 9, 2006, inclusive, and may be a Class Member in this Action. This package explains the lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If approved, the Settlement will end all of the Class's claims against Defendants. The Court will review the Settlement at a Settlement Hearing on November 21, 2008. If the Court approves the Settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *In re Monster Worldwide, Inc. Securities Litigation*, No. 07-cv-02237. This case was assigned to United States District Judge Jed S. Rakoff. The people who brought the case are called plaintiffs, and the company and the persons they sued are called defendants.

Middlesex County Retirement System filed the first complaint in the Action and was appointed Class Representative for the Class by the Court. Defendants named in the amended complaint in this case are: Monster; Andrew J. McKelvey (Monster's Chairman and Chief Executive Officer during the Class Period); and Myron Olesnyckyj (Monster's General Counsel during the Class Period). Mr. McKelvey and Mr. Olesnyckyj are referred to below as the Individual Defendants.

| 2. | What is this lawsuit about and what has happened so far? |
| --- | --- |

Monster Worldwide is a global company that provides different services to assist people who are looking for employment. It is the parent company of Monster.com, a prominent online service that connects job seekers with employers. Like other public companies, Monster awarded stock options to its employees, executives and directors.

The main complaint in the Action is the Amended Class Action Complaint for Violation of the Federal Securities Laws filed on July 9, 2007 (the "Amended Complaint"). The Amended Complaint alleges, among other things, that Monster, Mr. McKelvey and Mr. Olesnyckyj violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 by issuing false and misleading reports that were filed with the Securities and Exchange Commission ("SEC") during the Class Period. The reports allegedly contained misstatements about the stock option grants issued by Monster and caused artificial inflation in the value of Monster securities. The Amended Complaint also alleged that the Individual Defendants were "control persons" and were liable under Section 20(a) of the Exchange Act. Also, the complaint

1

alleged that Mr. McKelvey violated Section 20A of the Exchange Act when he sold his shares of Monster during the Class Period. The Amended Complaint further alleges that the Class Representative and other Class Members purchased Monster securities during the Class Period at the artificially inflated prices and were damaged when the truth was disclosed and the stock price dropped. The Action seeks money damages against the Defendants for violations of these federal securities laws.

The Parties have been litigating the case since the initial complaint was filed in March 2007. Defendant McKelvey has made two motions to dismiss the claims against him. His first motion was withdrawn pending the filing of the Amended Complaint and his second motion was denied. In February 2008, Plaintiff moved against each of the Defendants for partial summary judgment on its claims in order to establish certain elements of liability. Plaintiff also moved to certify the Action as a class action. On April 25, 2008, the Court denied in part and granted in part Plaintiff's motion for partial summary judgment. On July 15, 2008, the Court certified the Class and appointed Plaintiff as Class Representative. Throughout, the Parties conducted fact and expert discovery, including depositions and the production and review of more than a million pages of documents from Monster and non-parties. A trial, which was anticipated to last one month, was scheduled to start on February 9, 2009.

Defendants, other than Mr. Olesnyckyj, deny all allegations of misconduct contained in the Amended Complaint, and deny that they are liable. Mr. Olesnyckyj neither admits nor denies the allegations of misconduct and liability. The Settlement should not be seen as an admission or concession on the part of any Defendant about any of the claims, their fault or liability for damages.

| 3. | Why is this a class action? |
|----|------------------------------|

In a class action, one or more people called class representatives (in this case Middlesex County Retirement System), sue on behalf of people or entities who have similar claims. They are known as class members. Here, the Court certified this case as a class action on July 15, 2008. A class action allows one court to resolve in a single case many similar claims that, if brought separately by individual people, might be economically so small that they would never be brought. One court resolves the issues for all Class Members, except for those who exclude themselves, or "opt-out," from the Class (discussed below).

| 4. | Why is there a settlement? |
|----|-----------------------------|

The Court did not finally decide in favor of Plaintiff or Defendants. The Settlement will end the Action and avoid the uncertainties and cost of a trial. Affected investors will get compensation immediately, rather than after the time it would take to have a trial and exhaust all appeals. The Settlement was reached after the Parties engaged in extensive litigation efforts, fact and expert discovery (including depositions of current and former Monster employees) and extensive negotiations about a settlement. Several settlement discussions took place, including before an experienced impartial mediator. These discussions ultimately resulted in an agreement to settle

the claims asserted in the Action.  The Class Representative and Class Counsel believe the Settlement is in the best interest of Class Members.

## WHO IS IN THE SETTLEMENT

| 5. | How do I know if I am part of the Settlement? |
| --- | --- |

On July 15, 2008, the Court certified this Action as a class action and ordered that everyone who fits the following description is a Class Member, unless they take steps to exclude themselves:

> *all persons or entities who purchased the securities of Monster Worldwide, Inc. during the period from May 6, 2005 through June 9, 2006, inclusive (the "Class Period") and who were damaged thereby.  Excluded from the Class are Defendants, the officers and directors of Monster, members of the immediate families of any excluded person, the legal representatives, heirs, successors or assigns of any excluded person, any entity in which Defendants have or had a controlling interest and any Monster employee who acquired Monster's securities through the exercise of stock options (the "Class").*

*See* the Plan of Allocation beginning on page [_____] for more information about the securities that are part of the Settlement.  Receipt of this Notice does not mean that you are a Class Member.  Please check your records or contact your broker to see if you purchased or acquired Monster common stock or options during the Class Period.

| 6. | Are there exceptions to being included in the Class? |
| --- | --- |

There are some people who cannot be in the Class.  They have been excluded by the Court's order certifying the Class. The excluded persons are: (a) Defendants; (b) the officers and directors of Monster; (c) the members of the immediate families of any excluded person; (d) the legal representatives, heirs, successors or assigns of any excluded person; (e) any entity in which Defendants have or had a controlling interest; and (f) any Monster employee who acquired Monster's securities through the exercise of stock options.

If you do not want to be a Class Member, for example if you want to bring your own lawsuit against the Defendants for these claims, you can exclude yourself by filing a request for exclusion in accordance with the requirements explained below.

If one of your mutual funds purchased or otherwise acquired shares of Monster securities during the Class Period, that alone does not make you a Class Member.  You are a Class Member only if you (or your broker on your behalf) acquired Monster securities during the Class Period.

| 7. | What if I am still not sure if I am included? |
| --- | --- |

If you are still not sure whether you are included, you can ask for free help from the Claims Administrator: *Monster Worldwide, Inc. Securities Litigation*, c/o Berdon Claims Administration

LLC, P.O. Box 9014, Jericho, NY 11753-8914, (800) 766-3330, (516) 931-0810 (fax), or www.berdonclaims.com. Or you can fill out and return the Proof of Claim form ("Proof of Claim") described on page [____], in question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

| 8. | What does the Settlement provide? |
| --- | --- |

In the Settlement, the Defendants have agreed to fund a $47.5 million (before interest) account to be divided, after deduction of Court-awarded attorneys' fees and expenses, Class Representative expenses, settlement administration costs, and any applicable taxes ("Net Settlement Fund"), among all Class Members who timely submit valid Proof of Claim forms.

| 9. | How much will my payment be? |
| --- | --- |

The Plan of Allocation discussed on page _____ explains how claimants' "Recognized Losses" will be calculated. Your share of the fund will depend on several things, including: (a) the amount of Recognized Losses of other Class Members; (b) how many Monster securities you bought; (c) how much you paid for them; (d) when you bought them; and (e) whether or when you sold them (and, if so, for how much you sold them).

It is unlikely that you will get a payment for your entire Recognized Loss, given the number of potential Class Members. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a portion of the Net Settlement Fund. Your share will be your Recognized Loss divided by the total of all Class Members' Recognized Losses and then multiplied by the total amount in the Net Settlement Fund. *See* the Plan of Allocation beginning on page [___] for more information.

Once all the Proofs of Claim are processed and claims are calculated, Class Counsel, without further notice to the Class, will apply to the Court for an order distributing the Net Settlement Fund to the members of the Class. Counsel will also ask the Court to approve payment of the Claims Administrator's fees and expenses incurred in connection with administering the Settlement that have not already been reimbursed.

## HOW YOU GET A PAYMENT—SUBMITTING A PROOF OF CLAIM FORM

| 10. | How can I get a payment? |
| --- | --- |

To qualify for a payment, you must timely send in a completed Proof of Claim form with supporting documents (DO NOT SEND ORIGINALS of your supporting documents). A Proof of Claim form is being circulated with this Notice. You may also get a Proof of Claim form on the Internet at the websites for the Claims Administrator: www.berdonclaims.com, or Class Counsel: www.labaton.com. Please read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it to the Claims Administrator

by first class mail, **postmarked no later than January 5, 2008.** *The Claims Administrator needs all of the information requested in the Proof of Claim in order to determine what you may be entitled to.*

| 11. | When would I get my payment? |
|-----|------------------------------|

The Court will hold a hearing on **November 21, 2008**, to decide whether to approve the Settlement. All Proofs of Claim need to be submitted **postmarked no later than January 5, 2008**. If the Court approves the Settlement, there may still be appeals, which can take time to resolve, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up by staying in the Class and getting a payment? |
|-----|-------------------------------------------------------------------|

Unless you exclude yourself, you will stay in the Class, which means that once the Settlement becomes effective (the "Effective Date") and you become entitled to receive your share of the Net Settlement Fund, you will forever give up and release all "Settled Claims" (as defined below) against the "Released Defendant Parties."[3]  You will not in the future be able to bring a case asserting any Settled Claim against the Released Defendant Parties.

"Settled Claims" in this Settlement means all claims, no matter when they arose and whether or not they were known to have existed, that the Class Representative or any member of the Class asserted or could have asserted against any Defendant in this Action that relate in any way to the facts and allegations in the Amended Complaint. However, there is no release of: (a) claims to enforce the Settlement; (b) claims that have been brought or could have been brought in the separate actions captioned *Taylor v. Andrew McKelvey, et al.*, Docket No. 06-8322 (AKH) and *In re Monster Worldwide, Inc. Stock Option Derivative Litigation*, Docket No. 06-04622 (NRB), pending in the United States District Court for the Southern District of New York, and *In re Monster Worldwide, Inc. Derivative Litigation*, Index No. 06-108700, pending in the Supreme Court of the State of New York, New York County, in which all parties reserve their rights; or (c) any criminal or regulatory action brought against any of the Defendants by any governmental or regulatory agency.

The "Effective Date" will occur when the Judgment by the Court approving the Settlement becomes final and is not subject to appeal. If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Settled Claims,

---

[3]  "Released Defendant Parties" means all of the Defendants and/or their current or former attorneys, auditors, officers, directors, employees, partners, subsidiaries, affiliates, related companies, parents, insurers, heirs, executors, representatives, predecessors, successors, assigns, trustees or other individual or entity in which any Defendant has a controlling interest.

then you must take steps to exclude yourself from the Settlement. Excluding yourself is known as "opting out" of the Class. Defendants may withdraw from and terminate the Settlement if potential Class Members who purchased in excess of a certain amount of Monster common stock during the Class Period opt-out from the Class.

| 13. | How do I "opt-out" (exclude myself) from the proposed Settlement? |
|---|---|

To "opt-out" (exclude yourself) from the Class, you must send a signed letter by first class mail stating that you "request exclusion from the Class in *Monster Worldwide, Inc. Securities Litigation*, No. 07-cv-02237." Your letter must state the date(s), price(s), and number(s) of shares of all your purchases, acquisitions, and sales of Monster securities during the Class Period. This information is needed to determine whether you are a Class Member. In addition, you must include your name, address, telephone number, and your signature. You must mail your exclusion request by first class mail, **postmarked no later than November 7, 2008**, to:

Monster Worldwide, Inc. Securities Litigation EXCLUSIONS
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY  11753-8914

**You cannot exclude yourself or opt out by telephone or by e-mail.** Your exclusion request must comply with these requirements in order to be valid. If you write to request to be excluded, you will not get any settlement payment, and you cannot object to the Settlement.

| 14. | If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights to sue Defendants and the other Released Defendant Parties for all Settled Claims. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is **November 7, 2008**.

| 15. | If I exclude myself, can I get money from the proposed settlement? |
|---|---|

No. If you exclude yourself, do not send in a Proof of Claim form to ask for any money. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |
|---|---|

The Court appointed the law firm of Labaton Sucharow LLP in New York, New York to represent all Class Members. These lawyers are called Class Counsel. You will not be

separately charged for these lawyers. The Court will determine the amount of Class Counsel's fees and expenses, which will be paid from the Settlement Fund if they are approved. If you want to be represented by your own lawyer, you may hire one at your own expense.

| | |
|---|---|
| 17. | How will the lawyers be paid? |

Class Counsel has not received any payment for their services in pursuing the claims against Defendants on behalf of the Class, nor have they been reimbursed for their out-of-pocket expenses. At the Settlement Hearing described below, or at such other time as the Court may order, Class Counsel will ask the Court to award them, from the Settlement Fund, attorneys' fees of 25% of the Settlement Fund (including accrued interest), and to reimburse them for their out-of-pocket expenses, such as the cost of experts, that they have incurred in litigating the Action. The request for reimbursement of expenses will not exceed $620,000, plus interest on the expenses at the same rate as may be earned by the Settlement Fund. If the application for attorneys' fees and expenses is approved, the average amount of such fees and expenses per damaged share would be approximately $0.26.

The fee requested by Class Counsel would compensate them for their efforts in achieving the Settlement for the benefit of the Class and for the risk in undertaking the Action on a contingency basis. A request of 25% may be determined by the Court to be reasonable given: (a) the time and labor spent by counsel; (b) the magnitude and complexities of the Action; (c) the risk that Plaintiff would not prevail in the Action; (d) the quality of counsel's representation; (e) the requested fee in relation to the Settlement; and (f) that such requests are supported by public policy considerations. The Court will determine the amount of the award.

Any fees awarded to Class Counsel will be divided by Class Counsel with other attorneys who have assisted in the representation of the Class and the Class Representative. In no event will the award of attorneys' fees exceed 25% of the Settlement Fund (including accrued interest).

## **OBJECTING TO THE SETTLEMENT**

| | |
|---|---|
| 18. | How do I tell the Court that I do not like the proposed Settlement? |

If you are a Class Member you can object to the Settlement or any part of it, the proposed Plan of Allocation, the application for expenses by the Class Representative and the application by Class Counsel for attorneys' fees and expenses. You must write to the Court setting out your objection, giving reasons why you think the Court should not approve any part or all of the Settlement.

To object, you must send a signed letter stating that you object to the proposed settlement in the case known as: *In re Monster Worldwide, Inc. Securities Litigation*, No. 07-cv-02237. You must include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Monster securities you made during the Class Period, and state the reasons why you object to the Settlement. This information is needed to demonstrate your membership in the Class.

Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will not be able to make any objection to the Settlement in the future.

Your objection must be filed with the Court and delivered or mailed first class (with a corresponding postmark) **no later than November 7, 2008** to all the following:

<table>
<tr><td><strong>COURT:</strong></td><td><strong>CLASS COUNSEL:</strong></td></tr>
<tr><td>Clerk of the Court<br>United States District Court for the<br>   Southern District of New York<br>United States Courthouse<br>500 Pearl Street<br>New York, NY  10007</td><td>Labaton Sucharow LLP<br>Nicole M. Zeiss<br>140 Broadway<br>New York, New York 10005</td></tr>
</table>

**DEFENDANTS' COUNSEL:**

<table>
<tr><td>Dechert LLP<br>David Hoffner<br>1095 Avenue of the Americas<br>New York, NY  10036</td><td>Manatt, Phelps & Phillips, LLP<br>Steven F. Reich<br>7 Times Square<br>New York, NY 10036</td></tr>
<tr><td>DeVore & DeMarco LLP<br>Andrew C. DeVore<br>99 Park Avenue 16th Floor<br>New York, NY 10016</td><td>Morgan, Lewis & Bockius LLP<br>Brian A. Herman<br>101 Park Avenue<br>New York, NY 10178</td></tr>
</table>

| 19. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can still recover from the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S SETTLEMENT HEARING

| 20. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at **5:00 p.m. on November 21, 2008**, in Courtroom 14B at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY  10007. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement, the application of Class Counsel for attorneys' fees and the applications of Class Counsel and the Class Representative for reimbursement of expenses. The

Court will take into consideration any written objections filed in accordance with the instructions set out above in the answer to question 18. We do not know how long it will take the Court to make these decisions.

You should also be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent. If you want to come to the hearing, you should check with Class Counsel before coming to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the hearing? |
| --- | --- |

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you validly submit an objection, you do not have to come to Court to talk about it.

| 22. | May I speak at the hearing and submit additional evidence? |
| --- | --- |

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 18 above) a statement that it is your "notice of intention to appear in *In re Monster Worldwide, Inc. Securities Litigation*, No. 07-cv-02237." Persons who intend to object and want to present evidence at the Settlement Hearing must also include in their written objection the identity of any witness they may call to testify and exhibits they intend to introduce at the Settlement Hearing. You cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Hearing according to the procedures described above and in the answer to question 18.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
| --- | --- |

If you do nothing, you will get no money from this Settlement and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the other Released Defendant Parties about the Settled Claims in this case. To share in the Net Settlement Fund you must submit a Proof of Claim form (*see* question 10). To start, continue or be a part of any *other* lawsuit against the Defendants and the other Released Defendant Parties about the Settled Claims in this case you must exclude yourself from this Class (*see* question 13).

## GETTING MORE INFORMATION

| 24. | Are there more details about the proposed settlement and the lawsuit? |
| --- | --- |

This Notice summarizes the proposed Settlement. More details are in the Stipulation and Agreement of Settlement dated September 24, 2008 (the "Stipulation"). You may review the Stipulation filed with the Court and all documents filed in the Action during business hours at the

Office of the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007.

You also can call the Claims Administrator toll free at (800) 766-3330; call Class Counsel at (212) 907-0714; write to *Monster Worldwide, Inc. Securities Litigation*, c/o Berdon Claims Administration LLC, P.O. Box 9014, Jericho, NY 11753-8914; fax the Claims Administrator at (516) 931-0810; or visit the websites www.berdonclaims.com or www.labaton.com, where you can find answers to common questions about the Settlement, download copies of the Stipulation or Proof of Claim form, and locate other information to help you determine whether you are a Class Member and whether you are eligible for a payment. **Please Do Not Call The Court or Monster With Questions About The Settlement.**

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND
## AMONG CLASS MEMBERS

The $47.5 million Settlement Amount and any interest it earns is called the Settlement Fund. The Settlement Fund, minus all taxes, approved costs, fees and expenses (the "Net Settlement Fund"), will be distributed according to the Plan of Allocation described below to members of the Class who timely submit valid Proofs of Claim ("Authorized Claimants"). Class Members who do not submit valid Proofs of Claim will not share in the Settlement proceeds, but will otherwise be bound by the terms of the Settlement.

The Claims Administrator will determine each Authorized Claimant's share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss," as described below. The Plan of Allocation is not intended to estimate the amount a Class Member might have been able to recover after a trial, nor is it to estimate the amount that will be paid to Authorized Claimants. The Plan of Allocation is the basis upon which the Net Settlement Fund will be proportionally divided among all the Authorized Claimants. The Court will be asked to approve the Claims Administrator's determinations before the Net Settlement Fund is distributed to Authorized Claimants. No distributions to Authorized Claimants who would receive less than $10.00 will be made, given the administrative expenses of processing and mailing such checks.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility for or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any Proof of Claim. The Class Representative and Class Counsel likewise will have no liability for their reasonable efforts to execute, administer and distribute the Settlement.

The following Plan of Allocation reflects the Class's allegations that the price of Monster securities during the Class Period was inflated artificially by reason of allegedly false and misleading statements made by the Defendants. Defendants, other than Mr. Olesnyckyj, deny any allegations of liability. The artificial inflation allegedly began on May 6, 2005 after Monster issued its first quarter 2005 results in a Form 10-Q filed with the SEC. The Class Representative alleges that this periodic report, and subsequent statements throughout the Class Period, made materially false and misleading representations and omissions about the business, management, and operations of Monster, specifically Monster's stock option granting practices and its compensation expenses.

10

The Class Representative alleges that the artificial inflation was gradually eliminated after disclosures on June 12 and 13, 2006 when, among other things, the *Wall Street Journal* wrote an article about some of Monster's stock option grants and Monster issued press releases explaining that it had formed a special committee to review its stock option grants and received a subpoena from the U.S. Attorney for the Southern District of New York relating to stock option grants. The price of Monster common stock, which had closed at $42.00 per share on June 9, 2006, fell approximately 15% over the following two trading days to close at $35.58 per share at the end of trading on June 13, 2006.    The Plan of Allocation described below was created with the assistance of a damages expert who analyzed the movement of Monster's common stock after the alleged disclosures.    It takes into account the statistical significance of the June 2006 stock drops and the portion of the drops attributable to the alleged fraud.

## PLAN OF ALLOCATION

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total of all Recognized Losses, then each Authorized Claimant will be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Claim bears to the total of the claims of all Authorized Claimants ("*pro rata* share").    You will be eligible to participate in the distribution of the Net Settlement Fund only if you have a net loss on all transactions in Monster securities.    A purchase or sale of Monster common stock or options will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. Any person or entity that sold Monster common stock "short" will have no Recognized Loss with respect to such purchase during the Class Period to cover said short sale.    Gifts and transfers of securities are also not eligible purchases.    Payment in this manner will be deemed conclusive against all Authorized Claimants.    A Recognized Loss will be calculated as defined below.

### *Publicly Traded Monster Common Stock* [4]

To calculate the Recognized Loss on Monster common stock purchased and sold during the Class Period, such sales must be matched against purchases of Monster common stock during the Class Period.    To do so, the earliest sale will be matched first against those shares in the Claimant's opening position on the first day of the Class Period, and then matched chronologically thereafter against each purchase made during the Class Period ("FIFO Matching").    This means that sales of Monster common stock will be first matched with pre-Class Period holdings and then matched with purchases during the Class Period in chronological order.    Sales of pre-Class Period purchases will have no Recognized Loss.

Each Recognized Loss is based on the daily per share amount of artificial inflation allegedly present in Monster's stock price set forth below and calculated for each share of common stock purchased and sold and cannot be less than zero for any transaction.    A Recognized Loss will be calculated as follows:

---

[4]    Publicly traded common stock includes Monster stock traded on foreign exchanges. Transactions for stock will be matched to other transactions on the same exchanges.

A..    For shares of Monster common stock purchased or otherwise acquired on or after May 6, 2005 through and including June 9, 2006 and:

    1.    Sold on or before June 9, 2006, the Recognized Loss per share is $0. This determination was made because the purchase and the sale occurred before the alleged corrective disclosures were publicly revealed. Thus, any losses that Class Members may have suffered with respect to shares of Monster common stock that were purchased on or after May 6, 2005 through and including June 9, 2006, that were sold on or before June 9, 2006, were not related to the alleged misstatements or omissions and are not compensable through this Action for violation of the securities laws;

    2.    Sold after June 9, 2006 but before the close of business on June 12, 2006, the Recognized Loss per share is the lesser of: (a) the purchase price minus the sale price; and (b) $1.72;

    3.    Sold on June 13, 2006, the Recognized Loss per share is the lesser of: (a) the purchase price minus the sale price; and (b) $3.71;

    4.    Still held as of the close of business on June 13, 2006, the Recognized Loss per share is the lesser of: (a) the purchase price minus $35.58; and (b) $3.71.

### *Options on Monster Common Stock*

FIFO matching will be used to calculate the Recognized Loss on Monster option transactions during the Class Period.[5] Table A identifies the alleged artificial inflation (for call options) or deflation (for put options) by each option's expiration date and exercise price. Each Recognized Loss is based on the daily per share amount of artificial inflation or deflation allegedly present in Monster's option prices as set forth below, is based on each FIFO matched purchase and sale or written and repurchased/closing of Monster option contracts, and cannot be less than zero.[6]  A Recognized Loss will be calculated as follows:

B. Call Options

    1.    For call options on Monster common stock *purchased* on or after May 6, 2005 through and including June 9, 2006, and;

        a.    *open* at the close of business on June 9, 2006, the Recognized Loss per call option is the lesser of: (1) the Alleged Inflation on the date of purchase indicated in the ranges on Table A minus the Alleged Inflation on the date of sale indicated in the ranges on Table A; and (2) either (a) the purchase price minus the Call Option Holding Price on Table A if still

---

[5]  Matching will be based on the same expiration date, exercise price and contract type.

[6]  Option prices and alleged artificial inflation and deflation on Table A are given as per share amounts, not per contract. Exchange traded option contracts are generally for 100 shares per contract.

12

open at the close of trading on June 13, 2006 or (b) the purchase price minus the sale price if closed out on June 12 or 13, 2006;

    b.    ***not open*** at the close of business on June 9, 2006, the claim per call option is $0. This determination was made because the contract was opened and closed before the alleged corrective disclosures were publicly revealed. Thus, any losses that Class Members may have suffered with respect to Monster options that were purchased on or after May 6, 2005 through and including June 9, 2006, that were not open at the close of business on June 9, 2006, were not related to the alleged misstatements or omissions and are not compensable through this Action for violation of the securities laws;

    2.    For call options on Monster common stock ***written*** on or after May 6, 2005 through and including June 9, 2006, the Recognized Loss per call option is $0.

## C. Put Options

    1.    For put options on Monster common stock ***written*** on or after May 6, 2005 through and including June 9, 2006, and;

    a.    ***open*** at the close of business on June 9, 2006, the Recognized Loss per put option is the lesser of: (1) the Alleged Artificial Deflation on the date the option was written as indicated in the date ranges on Table A minus the Alleged Artificial Deflation on the date it was repurchased or closed out as indicated in the date ranges on Table A; and (2) either (a) the Put Option Holding Price on Table A minus the writing price if still open as of the close of trading on June 13, 2006 or (b) the repurchase price minus the writing price if repurchased/closed out on June 12 or 13, 2006;

    b.    ***not open*** at the close of business on June 9, 2006, the Recognized Loss per put option is $0. This determination was made because the contract was opened and closed before the alleged corrective disclosures were publicly revealed. Thus, any losses that Class Members may have suffered with respect to Monster option securities that were purchased on or after May 6, 2005 through and including June 9, 2006, that were not open at the close of business on June 9, 2006, were not related to the alleged misstatements or omissions and are not compensable through this Action for violation of the securities laws;

    2.    For put options on Monster common stock ***purchased*** on or after May 6, 2005 through and including June 9, 2006, the Recognized Loss per put option is $0.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or otherwise acquired Monster common stock (NASDAQ ticker: MNST; ISIN US6117421072) or options on Monster common stock between May 6, 2005 and June 9, 2006, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS

NOTICE, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or otherwise acquired Monster securities during such time period (preferably in an MS Excel data table, setting forth (i) title/registration, (ii) street address, (iii) city/state/zip; or electronically in MS Word or WordPerfect files; or on computer-generated mailing labels) or; (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) calendar days send by first class mail the Notice and Proof of Claim form directly to the beneficial owners of those Monster securities.

If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid after request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

Monster Worldwide, Inc. Securities Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914
Phone: (800) 766-3330; Fax: (516) 931-0810
Website: www.berdonclaims.com

Dated: _____, 2008

By Order of the Court
CLERK OF THE COURT

14

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE MONSTER WORLDWIDE, INC.
SECURITIES LITIGATION

07-cv-02237 (JSR)

EXHIBIT A-2

### PROOF OF CLAIM

## I.  GENERAL INSTRUCTIONS

1.    To receive a recovery from the Net Settlement Fund as a Member of the Class in the class action lawsuit entitled *In re Monster Worldwide, Inc. Securities Litigation*, No. 07-cv-02237 (the "Action"), you must complete and, on page ___ below, sign this Proof of Claim form. If you fail to submit a timely, properly completed and addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the Settlement of this Action.

2.    Submission of this Proof of Claim form, however, does not ensure that you will share in the Net Settlement Fund, even if you are a Class Member.

3.    **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, 2008, ADDRESSED AS FOLLOWS**:

> *In re Monster Worldwide, Inc. Securities Litigation*
> c/o Berdon Claims Administration LLC
> P.O. Box 9014
> Jericho, NY  11753-8914

If you are NOT a Member of the Class (as defined in the Notice of Pendency of Class Action and Proposed Settlement) DO NOT submit this Proof of Claim form.  You are not entitled to a recovery.

4.      If you are a Member of the Class and you have not timely and validly requested to be excluded from the Class, you will be bound by the terms of the Final Order and Judgment entered by the Court, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II. DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Notice of Pendency of Class Action and Proposed Settlement ("Notice") that accompanies this Proof of Claim form.

## III. IDENTIFICATION OF CLAIMANT

1.      You are a Class Member if you purchased or otherwise acquired (including by exchange, conversion or otherwise) the securities (common stock and/or options) of Monster Worldwide, Inc. ("Monster") during the period from May 6, 2005 through June 9, 2006, inclusive, (the "Class Period"), and are not an excluded person. Excluded from the Class are Defendants, the officers and directors of Monster, any entity in which Defendants have or had a controlling interest, any Monster employee who acquired Monster's securities through the exercise of stock options, members of the immediate families of any excluded person, the legal representatives, heirs, successors or assigns of any excluded person and any potential Class Member who timely and validly requests to be excluded from the Class.

2.      If you held Monster securities in your name, you are the beneficial purchaser or acquirer *as well as* the record purchaser or acquirer. If, however, you purchased or otherwise acquired Monster securities during the Class Period through a third party, such as a nominee or brokerage firm, and the securities were registered in the name of that third party, you are the beneficial purchaser or acquirer of these securities, *but the third party* is the record purchaser or acquirer of these securities.

- 2 -

3.    Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser or acquirer of Monster securities that forms the basis of this claim, as well as the purchaser or acquirer of record if different. THIS CLAIM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR AUTHORIZED ACQUIRER(S) OR LEGAL REPRESENTATIVE(S) OF SUCH BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OF THE MONSTER SECURITIES UPON WHICH THIS CLAIM IS BASED.

4.    All joint beneficial purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of one of the beneficial owner(s) may be used in verifying this claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of your claim.

**IV. IDENTIFICATION OF TRANSACTION(S)**

1.    Use Parts II and III of this form entitled "Schedule of Transactions in Monster Securities" to supply all required details of your transaction(s) in Monster securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to: (i) *all* of your holdings of Monster securities as of the beginning of trading on May 6, 2005; (ii) *all* of your purchases, other acquisitions and sales of Monster securities which took place at any time beginning May 6, 2005 through, and including, June 13, 2006; and (iii) proof of your holdings of Monster securities as of the close of trading on June 13, 2006, whether such purchases, acquisitions, sales or transactions resulted in a profit or a loss. Failure to report all such

- 3 -

transactions may result in the rejection of your claim. (If you are or were a Monster employee, do not include any common stock transactions involving stock option grants that you received from Monster.)

      3.     List each purchase, acquisition, sale and transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each such transaction you list.

      4.     Copies of broker confirmations or other documentation of your purchases, acquisitions, sales or transactions in Monster securities must be attached to your claim. **DO NOT SEND ORIGINALS.** Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. The Parties and the Claims Administrator do not independently have information about your investments in Monster securities. The Claims Administrator may also request additional information as needed to efficiently and reliably calculate your losses.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

*In re Monster Worldwide, Inc. Securities Litigation*
**No. 07-cv-02237**
**PROOF OF CLAIM FORM**

Must be Postmarked No Later Than:
_____ _____, 2008

Please Type or Print

## PART I:    CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____    _____    _____

City                         State                 Zip Code

_____    _____

Foreign Province             Foreign Country

_____

Social Security Number or
Taxpayer Identification Number

Check appropriate box:
☐    Individual or Sole Proprietor              ☐    Pension Plan
☐    Corporation         ☐    Partnership       ☐    Trust
☐    IRA                 ☐    Other

_____    _____ (work)

Area Code                    Telephone Number

_____    _____ (home)

Area Code                    Telephone Number

_____    _____

e-mail address               Facsimile Number

- 5 -

Were your shares held in "street name" (i.e., in the name of a stock broker or other nominee)? If so, that broker or nominee is the Record Owner and you are required to fill in the following line.

_____

Record Owner's Name (if different from beneficial owner listed above); e.g. brokerage firm, bank, nominee, etc.

**PART II:**     **SCHEDULE OF TRANSACTIONS IN MONSTER STOCK**

    A.    Number of shares of Monster common stock held at the beginning of trading on May 6, 2005: _____ _____ _____

    B.    Purchases or other acquisitions, including by way of exchange, conversion or otherwise (on or after May 6, 2005 through and including June 13, 2006) of Monster common stock:

| Trade Date<br>Month Day Year | Number of Shares<br>Purchased or Acquired | Total Purchase Price* |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

    C.    Sales (on or after May 6, 2005 through and including June 13, 2006) of Monster common stock:

| Trade Date<br>Month Day Year | Number of<br>Shares Sold | Total Sales Price* |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

    D.    Number of shares of Monster common stock held at close of trading on June 13, 2006: _____

**\* Excluding taxes, fees and commissions.**

- 6 -

## PART III:    SCHEDULE OF TRANSACTIONS IN MONSTER OPTIONS

### CALL OPTIONS

A.    BEGINNING POSITION: At the beginning of trading on May 6, 2005, the following call options on Monster common stock were owned:

| Date of Purchase (Month/Day/Year) | Number of Contracts | Expiration Month and Year / Strike Price of Options (i.e. July 2006/$40) | Purchase Price Per Contract | Amount Paid* | Exercised "E" or Expired "X" | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

B.    PURCHASES: Purchases or other acquisitions, including by way of exchange, conversion or otherwise (on or after May 6, 2005 through and including June 13, 2006) of call options on Monster common stock:

| Date of Purchase (Month/Day/Year) | Number of Contracts | Expiration Month and Year / Strike Price of Options (i.e. July 2006/$40) | Purchase Price Per Contract | Amount Paid* | Exercised "E" or Expired "X" | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

C.    SALES: Sales of the above call options on Monster common stock which call options were purchased before June 13, 2006 **(include all such sales no matter when they occurred)**:

| Date of Purchase (Month/Day/Year) | Number of Contracts | Expiration Month and Year / Strike Price of Options (i.e. July 2006/$40) | Sale Price Per Contract | Amount Received* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## PUT OPTIONS

A.    BEGINNING WRITTEN POSITION: At the beginning of trading on May 6, 2005, the following put options written on Monster common stock were open:

| Number of Contracts | Expiration Month and Year / Strike Price of Options (i.e. July 2006/$40) | Sale Price Per Contract | Amount Received* | Assigned "A" or Expired "E" | Assign Date (Month/Day/Year) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

B.    SALES (WRITING) OF PUT OPTIONS: Written (sold) put options on Monster common stock (on or after May 6, 2005 through and including June 13, 2006) as follows:

| Date of Writing (Sale) (Month/Day/Year) | Number of Contracts | Expiration Month and Year / Strike Price of Options (i.e. July 2006/$40) | Sale Price Per Contract | Amount Received* | Assigned "A" or Expired "X" | Assign Date (Month/Day/Year) |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

C.    COVERING TRANSACTIONS (REPURCHASES): Repurchases of the above put options on Monster common stock that were written (sold) before June 13, 2006 (include all repurchases no matter when they occurred):

| Date of Purchase (Month/Day/Year) | Number of Contracts | Expiration Month and Year / Strike Price of Options (i.e. July 2006/$40) | Price Paid Per Contract | Aggregate Cost* |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**\* Excluding taxes, fees and commissions.**

- 8 -

**YOU ARE NOT FINISHED, PLEASE READ THE RELEASE AND SIGN ON PAGE ____
BELOW. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN
PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## V. SUBMISSION TO THE JURISDICTION OF THE COURT
## AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation and Agreement of

Settlement ("Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the

United States District Court for the Southern District of New York with respect to my (our)

claim as a Class Member and for purposes of enforcing the release set forth herein. I (We)

further acknowledge that I (we) will be bound by and subject to the terms of any Order and Final

Judgment that may be entered in the Action. I (We) agree to furnish additional information to

the Claims Administrator to support this claim if requested to do so. I (We) have not submitted

any other claim covering the same purchases, acquisitions or sales or holdings of Monster

securities during the Class Period and know of no other Person having done so on my (our)

behalf.

## VI. RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully,

finally and forever settle, release and discharge from the Settled Claims each and all of the

Released Defendant Parties as those terms and terms related thereto are defined in the

accompanying Notice.

2.      This release shall be of no force or effect unless and until the Court approves the

Stipulation and the Effective Date (as defined in the Stipulation) has occurred.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales and other transactions in Monster securities which occurred during the Class Period and the number of shares of Monster securities held by me (us) at the beginning of trading on May 6, 2005, and at the close of trading on June 13, 2006.

5.      I (We) hereby warrant and represent that I (we) am (are) not excluded from the Class as defined herein and in the Notice.

## SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number ("TIN") and Certification

PART 1

NAME: _____

Check appropriate box:

☐   Individual/Sole Proprietor                    ☐   Pension Plan
☐   Corporation        ☐   Partnership          ☐   Trust
☐   IRA                ☐   Other

Enter TIN on appropriate line.

For individuals, this is your social security number ("SSN").

For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").

For other entities, use your EIN.

__ __ - __ - __ __ __ __        or        __ __ - __ __ __ __ __ __ __
Social Security Number                        Employer Identification Number

PART 2

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____.

PART 3

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.    The number shown on this form is my correct TIN; and

2.    I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

- 11 -

NOTE:    If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

**SEE** ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.

                             (Month / Year)         (City)        (State / Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.  Please sign the above release and certification.

2.  Remember to attach supporting documentation, if available.

3.  Do not send original or copies of stock certificates.

4.  Keep a copy of your claim form for your records.

5.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.  If you move, please send the Claims Administrator your new address.